WALDEN, Judge
(dissenting):
In my judgment, respectfully advanced, the principles espoused in Escobedo v. State of Illinois (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Wakeman v. State, Fla.App.1970, 237 So.2d 61, are trespassed by the instant majority decision to affirm the defendant’s robbery conviction.
The real question has to do with the state’s obligation to furnish an indigent accused with the assistance of counsel when so requested, and the consequences that obtain upon the state’s failure to promptly respond to such request.
Defendant was wounded by gunshot during the course of an armed robbery being perpetrated by him in Vero Beach. He escaped immediate capture and was thereafter apprehended in a Georgia hospital. Florida deputies appeared there and properly gave the defendant all of his warnings and rights under Miranda. The defendant then and there at the outset categorically elected and announced that he wanted a state-furnished lawyer. This election of his right to counsel was never waived or voided. The state did not believe, feel, or act upon any notion that he had waived this right as attested by the fact that counsel was ultimately appointed without new *260 request when it became convenient some eighteen days after demand at arraignment in Vero Beach.
The defendant remained hospitalized in Georgia for eight or nine days and during this period his request for the appointment of counsel was not honored. Two deputies then returned the defendant to Vero Beach. The trip was accomplished in a four place airplane and during the time of this close contact and confinement the deputies and the defendant conversed with testimony as to the events being in sharp conflict. At this time, and still without the assistance and benefit of counsel, the defendant put his head in the noose by making incriminating statements which the deputies denominated as voluntary. At trial these statements were received in evidence over defendant’s objection and to his prejudice. It is this action which is the substance of defendant’s appellate complaint.
It is my view that it was reversible error to receive these statements in evidence. This position rests squarely upon a decision of this court in Wakeman v. State, Fla.App.1970, 237 So.2d 61. There defendant requested counsel and same was not furnished. During this period she signed a confession and a waiver of her rights (including her right to counsel). The court held:
“Under these circumstances, defendant’s confession was obtained in derogation of her Fifth Amendment protection against self-incrimination and her Sixth Amendment right to counsel.
“In Miranda v. Arizona, 1966, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, the court stated:
‘If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning.’ (Emphasis supplied.)
“and further:
'If * * * he indicates in any manner and at any stage of the process that he wishes to consult with an attorney there can be no questioning.’
“As soon as the officers became aware of defendant’s desire to have an attorney present, no questioning should have transpired until he arrived.”
The state, in sole support of the trial court action, simply contends that the statements were voluntary and cites State v. Craig, Fla.1970, 237 So.2d 737. This case is patently distinguishable because it was not there established that defendant had invoked his right to have counsel. The Court stated:
“In the case sub judice the defendant voluntarily surrendered himself to the officer and admitted that he was treated well while in custody. From the very beginning he was advised to remain silent. He was adequately advised as to all of his rights under the Miranda deci-' sion on Saturday afternoon and again on Sunday morning, and he was not prevented from securing counsel. Finally, defendant said he was not anxious to get a lawyer because he didn’t think it would help him.
“If the defendant felt that his welfare would best be served without an attorney, he certainly had the right to proceed with the statement in the absence of counsel. When defendant expressed the opinion that an attorney could not help him, the interrogator was not required to convince the defendant that he needed counsel. The Miranda decision does not require the interrogator to give legal advice, but only that defendant is told his constitutional rights and makes an intelligent waiver of counsel. The determination for need of counsel is the defendant’s prerogative.” (Emphasis supplied.)
*261 It seems basic, at least to me, that when an accused invokes his right to have counsel furnished, same should be forthwith furnished, upon penalty for tardiness of having any incriminating statements and actions occurring thereafter, while in custody, suppressed. It would not be unreasonable to speculate that had counsel been furnished his very first advice would have been for the defendant to remain silent to the end that he would not have incriminated himself.
Apparently, the state feels that the enumerated Miranda rights operate in a vacuum irrespective of one another. Is no penalty to be attached to the state’s failure to provide counsel? Under the state’s seeming rationale it can deny counsel and the accused can “voluntarily” forego all his other rights and confess, plead guilty, and end up in Raiford without remedy, relief or benefit of counsel.
Without knowing and only wondering, is there significance to be attached to the fact that the defendant “talked” while in the airplane instead of being formally interrogated or quizzed in a special interrogation room? I think not, as the thrusts of this are subtle and indeed it is more likely that an accused without counsel’s advice would be less on guard and more vulnerable under the circumstances of this case as compared with the formal interrogation replete with court reporter, etc.
Escobedo and Miranda, supra, speak of the “Assistance of Counsel”, and I think they mean just that. Here no real fault can be found with the delay in providing counsel due to the practicalities. However, we think that the defendant should be insulated and not penalized because of the state’s delay. Had the delay not occurred, it seems more likely than not that the defendant would have followed his counsel’s advice and not “voluntarily” placed himself in jeopardy.
Repetitively, it does not seem that it would be too great a hardship to require that the state furnish counsel upon simple penalty that incriminating statements made before counsel is furnished cannot be used. After all, the very purpose of having counsel is to see that the rights of the accused are protected. To put it yet another way, it is my view that the incriminating statements and actions of an accused which take place in the interim between request for counsel and the state’s response thereto cannot legally be denominated as “voluntary.” Neither can it be said that the other' Miranda rights can be waived during this period for the simple reason that the conduct of the accused takes place without the advice of counsel which he requested and to which he was entitled. The state has the duty of proving the defendant to be guilty and it should be no true burden to deprive them of statements obtained in the fashion reflected in this case.
I would reverse and remand for a new trial with the statements in question to be excluded.